*101 OPINION OF THE COURT
Memorandum.
Order unanimously modified by vacating the finding that the “invoices were part of a continuing order on the contract” and the conclusion that the written notice of claim and the institution of the action regarding all the invoices were timely as a matter of law; as so modified, affirmed without costs.
The State Finance Law provides that the prime contractor of construction work on a public improvement project shall furnish a 'bond guaranteeing prompt payment of moneys due to all persons furnishing labor or materials to the contractor or his subcontractors in the prosecution of the work provided for in such contract” (State Finance Law § 137 [1]).
State Finance Law § 137 (3) provides, as a prerequisite to action on a payment bond, a written notice to the prime contractor. In pertinent part, that section reads:
“a person having a direct contractual relationship with a subcontractor of the contractor furnishing the payment bond but no contractual relationship express or implied with such contractor shall not have a right of action upon the bond unless he shall have given written notice to such contractor within one hundred twenty days from the date on which the last of the labor was performed or the last of the material was furnished, for which his claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or for whom the labor was performed.”
A “claim” made under the State Finance Law or the Miller Act upon which it was based (40 USC § 270a et seq.) must be made pursuant to an underlying contract. As noted above, where claims are based upon a single contract for materials furnished, written notice of the claim must be made within 120 days from the date on which the supplier furnished or supplied the last of the material for the underlying contract (see, United States v Crow Constr. Co., 826 F Supp 647). However, where claims are based on a series of contracts, a written notice of the claim must be made within 120 days from the date on which the supplier furnished or supplied the last of the material for each of the underlying contracts (see e.g., United States v National Union Fire Ins. Co., 1999 WL 294730, 1999 US Dist LEXIS 5577 [ED NY]; United States v Crow Constr. Co., supra). *102 The question, therefore, becomes whether the contract at issue is a single contract or a series of contracts. “Whether a contract is a single contract or a series of contracts is determined by the intent of the parties, viewed in light of the surrounding circumstances” (United States v National Union Fire Ins. Co., supra, 1999 WL at *3, 1999 US Dist LEXIS at *6).
Here, in opposition to the defendants-appellants’ motion for summary judgment in which they contended that there were a series of contracts and plaintiff failed to give timely written notices of claim for each, the plaintiff submitted proof which suggested that the parties intended to have the transactions serve as a single contract and, thus, the one notice of claim, which was filed within 120 days of the date the last of the material was furnished, was sufficient. The existence of a material issue of fact in this regard renders summary judgment inappropriate (see e.g., United States v Crow Constr. Co., supra). Accordingly, we disagree with the lower court insofar as it summarily determined that “the invoices were part of a continuing order on the contract,” and concluded that the written notice of claim and the institution of the action were timely as a matter of law.
The defendants-appellants’ remaining contentions are without merit.
Scholnick, P. J., Aronin and Patterson, JJ., concur.